**Neil T. NORDBROCK; Evelyn R. Nordbrock, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 00–15911.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

Before BEEZER, O'SCANNLAIN and KLEINFELD, Circuit Judges.

MEMORANDUM[2]

Neil T. Nordbrock and Evelyn R. Nordbrock (the "Nordbrocks") appeal pro se the district court's May 2, 2000 order denying their second motion to reconsider the merits of their consolidated tax actions against the United States. We do not have jurisdiction to review the district court's dismissal of the Nordbrocks' consolidated tax actions. We do have jurisdiction under 28 U.S.C. § 1291 to review the district court's dismissal of the Nordbrocks' second motion for reconsideration and we affirm. In their second motion to reconsider, the Nordbrocks requested a new trial on two grounds. First, they offered an IRS document dated February 18, 2000, as newly discovered evidence that would have changed the outcome of the case. The district court did not abuse its discretion in rejecting this claim.

Second, the Nordbrocks argued that Judge Alfredo C. Marquez should have recused himself from their consolidated actions due to personal bias stemming from a lawsuit Mr. Nordbrock filed against the judge and other defendants in 1983. 28 U.S.C. §§ 144 and 455 provide for disqualification of judges for personal bias or prejudice only on a timely motion. *United States v. Rogers,* 119 F.3d 1377, 1380 (9th Cir.1997). "[A] party having information that raises a possible ground for disqualification cannot wait until after an unfavorable judgment before bringing the information to the court's attention." *Id.* at 1380. It is clear that the Nordbrocks' contention

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

concerning the question whether Judge Marquez should have disqualified himself is not properly before us.

AFFIRMED.

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.